UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BITLER INVESTMENT VENTURE II, LLC, )
BITLER INVESTMENT VENTURE III, LLC, )
BITLER INVESTMENT VENTURE V, LLC, )
BITLER INVESTMENT VENTURE VI, LLC, )
MELCHING INVESTMENT VENTURE II, LLC, )
MELCHING INVESTMENT VENTURE III, LLC, )
MELCHING INVESTMENT VENTURE V, LLC, )
MELCHING INVESTMENT VENTURE VI, LLC, )
and TWO PORTLAND PROPERTIES #1, LLC, )
                                                                       )
    Plaintiffs, )
                    )
    v. )   CAUSE NO.: 1:04-CV-477-TLS
                    )
MARATHON ASHLAND PETROLEUM, LLC, )
SPEEDWAY SUPERAMERICA, LLC, and )
MARATHON OIL COMPANY, )
                    )
    Defendants. )

## OPINION AND ORDER

Before the Court is the Plaintiffs' Motion to Certify Interlocutory Rulings for Appeal [ECF No. 248], filed January 9, 2012. The Plaintiffs ask the Court to certify for interlocutory appeal certain rulings from its Opinion and Order of December 20, 2011 [ECF No. 246]. The Plaintiffs also filed a Brief in Support [ECF No. 249]. The Defendants filed a Response on January 26 [ECF No. 250], and the Plaintiffs filed a Reply on February 6 [ECF No. 251].

## BACKGROUND

In this lawsuit, the Plaintiffs seek recovery under the theories of breach of contract and waste for alleged damage to fourteen different pieces of commercial property in Indiana, Michigan, and Ohio. The Defendants and/or their predecessors in interest leased several gasoline

stations from the Plaintiffs and/or their predecessors in interest, and the Plaintiffs claim that the Defendants and their predecessors in interest neglected and destroyed the leased commercial properties and thereby injured the Plaintiffs' rights and interests in the properties. The full factual and procedural history of the case is set out in the Court's Opinion and Order of December 20, 2011. *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04-CV-477-TLS, 2011 WL 6382765, at *1–7 (N.D. Ind. Dec. 20, 2011).

The Court's Opinion and Order of December 20, 2011, granted summary judgment in favor of the Defendants on multiple counts and issues, denied the Defendants summary judgment on other counts and issues, and resolved the questions necessary to finally send this case—filed more than seven years ago—to trial.

The Plaintiffs now move the Court to certify the following questions for interlocutory appeal: 1) "Does Paragraph 2 of the Master Amendments allow for the recovery of losses, such as loss of marketability due to environmental uncertainty and loss of improvements because of neglect or remediation, associated with remediation of the properties before turning them back to the [P]laintiffs?"; 2) "Does Paragraph 2 of the Master Amendments require that the [P]laintiffs give notice of their alleged losses before filing suit?"; 3) "Are the [P]laintiffs' claims for contract and waste damages justiciable at Angola, Battle Creek, Coldwater, and Michigan Center where cleanup was ongoing at the time this motion was briefed"?; 4) "Did the [D]efendants have no duty to maintain or restore the buildings at the sites while they conducted remediation activities at Angola, Coldwater, Battle Creek, Owosso, and Portland where buildings and improvements remain?"; and 5) "Are the [P]laintiffs barred from damages resulting from loss of improvements if they gave consent to removal of the improvements?" (Pls.' Br. in Supp. Mot. to Certify 6, ECF

2

No. 249.) The Plaintiffs argue that these are appropriate issues for interlocutory appeal, and that without an appeal now, they will be forced to try part of their case now and part of their case after an appeal, if successful.

## INTERLOCUTORY APPEAL STANDARD

The Court may certify an order for appeal if it determines that the order "involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has recognized five requirements for interlocutory appeal:

> Interlocutory appeal is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable(4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed.

*Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (citing *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)). Further, these criteria "are conjunctive, not disjunctive," meaning that "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order." *Ahrenholz*, 219 F.3d at 676.

In *Ahrenholz*, the Seventh Circuit explained the meaning of "question of law" under § 1292(b). "We think [the framers of § 1292(b)] used 'question of law' in much the same way a lay person might, as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Id.* at 676–77. "We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional

3

provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Id.* at 676; *Boim*, 291 F.3d at 1007. The *Ahrenholz* court held that a "denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Ahrenholz*, 219 F.3d at 676. The court also held that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind" because "to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract." *Id.* at 676–77. A pure question of law appropriate for interlocutory appeal would be "something the court of appeals could decide quickly and cleanly without having to study the record," and "an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677. Because the Court determines that the Plaintiffs' requested issues for interlocutory appeal are not pure questions of law as articulated by *Ahrenholz*, the Motion to Certify will be denied.

## DISCUSSION

All five of the issues the Plaintiffs request the Court to certify for interlocutory appeal are questions of contract interpretation. The Plaintiffs desire the Court of Appeals for the Seventh Circuit to decide the proper scope of Paragraph 2 of the Master Amendment, and decide how the specific provisions of that Paragraph relate to contract provisions from the prior cases of *NRC Corp. v. Amoco Oil Co.*, 205 F.3d 1007 (7th Cir. 2000), and *Jaasma v. Shell Oil Co.*, 412 F.3d 501 (3d Cir. 2005). Furthermore, the Plaintiffs ask the Seventh Circuit to determine the justiciability of their claims at the properties where remediation is ongoing in light of the plain

4

language of the contracts, determine whether the contracts created a duty to maintain or restore improvements, and determine how consents to remove improvements function under the contractual scheme. As the Seventh Circuit held in *Ahrenholz,* "the question of the meaning of a contract, though technically a question of law . . . is not what the framers of § 1292(b) had in mind." *Ahrenholz*, 219 F.3d at 676. Certifying these questions for interlocutory appeal would ask the Seventh Circuit to immerse itself in "a long, detailed, and obscure contract." *Id.* at 677. The *Ahrenholz* court held that "district judges should use section 1292(b) when it should be used, [and] avoid it when it should be avoided." *Id.* The Plaintiffs' issues concerning the contractual interpretation of Paragraph 2 of the Master Amendment and how to apply the contract to the specifics of the Plaintiffs' case cannot be "decide[d] quickly and cleanly without having to study the record." *Id.* Therefore, the Plaintiffs' requested issues are inappropriate for interlocutory appeal. *See Highland Supply Co. v. Klerk's Flexible Packaging, B.V.*, No. 05-CV-482-DRH, 2006 WL 278164, at *3 (S.D. Ill. Feb. 1, 2006) (denying certificate of appealability, citing *Ahrenholz*, and stating that "a question of contract interpretation" is "not a question of law" where it would require the Court of Appeals to "examine the parties' Agreement and determine whether . . . it gives rise to a . . . theory of recovery."); *In re Bridgestone/Firestone, Inc. Tires Prods. Liability Litigation*, 212 F. Supp. 2d 903, 907 (S.D. Ind. 2002) (denying certificate of appealability, citing *Ahrenholz,* and stating that "the meaning of a contract . . . cannot be decided without delving into the record."). The cases cited by the Plaintiffs are unhelpful to their argument for certification because those cases involved questions of statutory interpretation appropriate for certification under the *Ahrenholz* framework. *See Sandifer v. U.S. Steel Corp.*, No. 2:07-CV-433 RM, 2010 WL 61971, at *5 (N.D. Ind. Jan. 5, 2010) (certifying for

interlocutory appeal a statutory interpretation question as to the interplay between two sections of the Fair Labor Standards Act, specifically 29 U.S.C. §§ 203(o) and 254(a)); *Boim*, 291 F.3d at 1007 (concurring with district court's granting of certification for interlocutory appeal, and interpreting 18 U.S.C. §§ 2331 and 2333).

The issues the Plaintiffs request to certify for appeal are not questions of law. Because the criteria required to certify an appeal under § 1292(b) are "conjunctive, not disjunctive," *Ahrenholz*, 219 F.3d at 676, the Plaintiffs have failed to show good cause for an interlocutory appeal by failing to meet the first criterion. As the *Ahrenholz* court stated, "[u]nless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." 219 F.3d at 676. The Court therefore need not analyze whether the Plaintiffs' proposed questions for interlocutory appeal are controlling, are contestable, or will speed the litigation.[1] The Defendant does not argue that the Plaintiffs failed to timely file this request for certification of questions for interlocutory appeal.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs' Motion to Certify Interlocutory Rulings for Appeal [ECF No. 248] is DENIED. The Court SETS this case for a telephonic status conference on March 8, 2012, at 11:00 AM. The Court will initiate the call. At the telephonic status conference, the Court expects to set a trial date in this matter.

So ORDERED on February 21, 2012.

---

[1] The Court notes that while an interlocutory appeal, if it resulted in findings in the Plaintiffs' favor, might consolidate all claims into one trial, the alternate outcome is likely—that an interlocutory appeal would have the effect of delaying the pending trial on the remaining issues in a case that is already more than seven years old.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT