UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BITLER INVESTMENT VENTURE II, LLC, ) <br> BITLER INVESTMENT VENTURE V, LLC, ) <br> MELCHING INVESTMENT VENTURE II, LLC, ) <br> MELCHING INVESTMENT VENTURE V, LLC, ) <br> and TWO PORTLAND PROPERTIES #1, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MARATHON PETROLEUM COMPANY LP, ) <br> and SPEEDWAY, LLC, ) <br> ) <br> Defendants. ) | CAUSE NO.: 1:04-CV-477-TLS |

## OPINION AND ORDER

Before the Court is the Defendants' Objection to Plaintiffs' Bill of Costs [ECF No. 318], filed December 28, 2012. The Defendants ask the Court to deny $20,355.22 of the costs identified by the Plaintiffs as taxable in their Bill of Costs [ECF No. 314], submitted to the Court on December 10, 2012. The Plaintiffs filed a Response to Defendants' Objection [ECF No. 319] on January 10, 2013. The Defendants did not file a reply, and the time to do so has expired.

## BACKGROUND

In this lawsuit, the Plaintiffs sought recovery under the theories of breach of contract and waste for alleged damage to fourteen different pieces of commercial property in Indiana, Michigan, and Ohio. The case proceeded to a six-day jury trial from November 5–13, 2012, concerning the Plaintiffs' non-environmental waste claims at six of the fourteen properties. After deliberations, the jury returned a verdict in favor of the Plaintiffs on each of the six non-environmental waste claims and awarded the Plaintiffs compensatory damages in the amount of

$269,000. (*See* Verdict Form, ECF No. 303.)

The Plaintiffs' Bill of Costs requests the Clerk to tax as costs $150 in fees of the Clerk and $29,159.08 in fees for printed or electronically recorded transcripts. In their Objection to Plaintiffs' Bill of Costs, the Defendants argue that: 1) $13,366.10 of the costs identified by the Plaintiffs represent duplicate entries; 2) $6,372.24 of the costs identified by the Plaintiffs represent costs for claims that did not proceed to trial; and 3) $616.88 of the costs identified by the Plaintiffs represent professional fees which are not recoverable under 28 U.S.C. § 1920. The Court will address each of the Defendants' objections. Because the Court finds that all of these expenses are allowable, reasonable, and necessary, it will overrule the Defendants' objections.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The Seventh Circuit has stated that Rule 54(d) "creat[es] a strong presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). The burden is on the losing party to overcome that presumption. *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). A district court's discretion in finding that this presumption has been overcome is "narrowly confined." *Congregation of the Passion v. Touche*, 854 F.2d 219, 222 (7th Cir. 1988). Specifically, the Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father*, 338 F.3d at 708. A district court may only deny costs to a prevailing party if it

"states good reasons for denying them." *Congregation of the Passion*, 854 F.2d at 222.

"[I]n assessing a bill of costs, [a] district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). *See Barton v. Zimmer, Inc.*, No. 1:05-CV-208-TS, 2010 WL 3168403, at *1 (N. D. Ind. Aug. 10, 2010) (discussing an award of costs under Rule 54(d)); *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998) ("[I]n order to award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation."); *see also Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (discussing reasonableness of a cost to be taxed against a losing party).

According to 28 U.S.C. § 1920, which defines the term "costs" as it is used in Rule 54(d), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable.

**DISCUSSION**

**A.     The Defendants' Objection that Some Costs are Duplicative**

The Defendants contend, first, that $13,366.10 of the proffered costs in the Bill of Costs are duplicate entries. In support, the Defendants submit a spreadsheet highlighting what they believe are twenty-nine line item entries submitted by the Plaintiffs which duplicate other entries. (Spreadsheet, ECF No. 318-1.) The Defendants note that many of the duplicate entries differ by one penny from the amount of the entry they are alleged to duplicate. The Defendants argue that the Court should disallow these apparently duplicative entries because of the Plaintiffs' failure to authenticate them. The Plaintiff counters that as all costs in this matter were

borne equally between two families, the Bitlers and the Melchings, each of the costs submitted was also borne equally[1] by the two family groups. In support, the Plaintiff submits the actual invoices showing the amounts paid for items listed in the Bill of Costs. (Invoices, ECF No. 319-1.)

In light of the "strong presumption" that a prevailing party will recover its costs, *Mother & Father*, 338 F.3d at 708, the Court finds that the contested entries totaling $13,366.10 are taxable as costs under Rule 54(d). The Defendants have not filed a reply, and have not overcome the strong presumption that these costs should be recovered. In light of the Plaintiffs' showing that each allegedly duplicative entry in fact represents only half of the total cost incurred, the Court finds that these contested costs are allowable, reasonable, and necessary, *see Soler*, 989 F.2d at 255, and it will overrule the Defendants' Objection on this point.

**B.     The Defendants' Objection that Some Costs are Not Necessary**

The Defendants contend, second, that $6,372.24 of the costs submitted in the Bill of Costs represent deposition costs for expert witnesses who did not testify at trial and who were not even listed as potential witnesses at trial. Thus, the Defendants argue, the costs for these witnesses were not necessary and should not be taxable costs. The Plaintiffs respond that these contested expert costs are allowable, and were both reasonable and necessary at the time they were incurred.

Deposition fees are allowable under 28 U.S.C. § 1920(2) and Rule 54(d). The Defendants

---

[1] Or almost equally—the division in two explains why many of the supposedly duplicate entries differ by one penny from the entry they are said to duplicate.

do not challenge whether these costs are allowable. Nor do they challenge the reasonableness of these costs at the time they were incurred. Instead, they argue that the deposition costs for experts whose opinions related only to claims dismissed upon summary judgment were not necessary and should not be taxable as costs under Rule 54(d). In support, the Defendants cite *Simmons v. American Export Lines, Inc.*, 26 F.R.D. 111, 112 (S.D.N.Y. 1960), in which the district court denied two-thirds of the plaintiff's proposed costs because the plaintiff had failed to prevail on two-thirds of his claims at trial. The Defendants also cite *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 709–10 (E.D. La. 2009), in which the district court denied 55% of the plaintiffs' proposed costs because it was unclear how many of the plaintiffs' costs were "directly related to the claims on which plaintiffs prevailed." The Plaintiffs respond that the Seventh Circuit has approved taxing costs for deposition transcripts not used at trial. *See Soler*, 989 F.2d at 255 (stating that the district court "properly reject[ed] [the plaintiff's] assertion that costs for transcripts not actually used during the trial were improper" and noting the district court's finding that the depositions were not "patently unreasonable or unneccessary to the litigation"). "Moreover, the determination of necessity must be made in light of facts known at the time of the deposition." *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1997). Because the Plaintiffs incurred the expert deposition costs in question before this Court granted summary judgment on the claims to which the experts' opinions were relevant, the Plaintiffs argue, the deposition costs were necessary based on the facts known at the time they were taken.

The Court agrees with the Plaintiffs that the Defendants have failed to overcome the strong presumption that these costs are taxable under Rule 54(d). It appears these costs were allowable under 28 U.S.C. § 1920, reasonable, and, because they came before the Court had

granted summary judgment on the claims to which they related, they were necessary at the time of the depositions. The Defendants have not shown these costs to be "patently unreasonable or unnecessary to the litigation." *Soler*, 989 F.2d at 255. The Court finds the *Simmons* court's reasoning is distinguishable because that decision rested on the plaintiff's failure to prevail on the two most significant issues at trial. The Plaintiffs, by contrast, prevailed on all six claims at trial. The Court also finds the reasoning of the *Johnson* court distinguishable because the outcome in that case resulted, in part, from the plaintiffs' submission of some unauthorized costs and from the plaintiffs' failure to show how $30,000 in photocopying expenditures were necessary to the case. The Plaintiffs, by contrast, submitted authorized costs that were necessary at the time the Plaintiffs incurred them. As to the *Johnson* court's suggestion that taxable costs should be "directly related to the claims on which plaintiffs prevailed," 639 F. Supp. 2d at 709, the Court finds that such a standard is not supported by Seventh Circuit precedent. The Court finds that these expert deposition costs, although not submitted at trial, were necessary at the time the Plaintiffs incurred them, and that they are properly taxable under Rule 54(d). Accordingly, the Court will overrule the Defendants' objection as to these contested costs.

C.     **The Defendants' Objection that Some Costs are Not Recoverable Under Rule 54**

The Defendants contend, third, that the $616.88 charge for deposition review by an expert witness is not a recoverable cost under Rule 54(d) and 28 U.S.C. § 1920. The Plaintiffs agree that the expert deposition review fee is not recoverable under Rule 54(d), but argue that deposition review by an expert in responding to discovery is properly chargeable to the party requesting that discovery under Rule 26(b)(4).

When a party takes the deposition of an expert who may testify at trial under Rule of

Civil Procedure 26(b)(4)(A), "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for the time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E). The time an expert spends reviewing his deposition transcript is recoverable under Rule 26(b)(4)(E) as "time spent in responding to discovery" even though this expense is submitted after trial as part of the bill of costs. *See Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012); *Chambers v. Ingram*, 858 F.2d 351, 360–61 (7th Cir. 1988).

The Defendants have not filed a reply, and have not suggested that the Plaintiffs are incorrect in their assessment of the law in the Seventh Circuit. Accordingly, because it appears the $616.88 charge for expert deposition review is properly recoverable under Rule 26(b)(4), and because such a request at the time of a bill of costs is timely, *Halasa*, 690 F.3d at 852, the Court will overrule the Defendants' objection to this charge.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Defendants' Objection to Plaintiffs' Bill of Costs [ECF No. 318]. The Court DIRECTS the Clerk to tax the amount of $29,309.08, as requested in the Bill of Costs [ECF No. 314].

So ORDERED on January 29, 2013.

            s/ Theresa L. Springmann
            THERESA L. SPRINGMANN
            UNITED STATES DISTRICT COURT