UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BITLER INVESTMENT VENTURE II, LLC, <br> BITLER INVESTMENT VENTURE III, LLC, <br> BITLER INVESTMENT VENTURE V, LLC, <br> BITLER INVESTMENT VENTURE VI, LLC, <br> MELCHING INVESTMENT VENTURE II, LLC, <br> MELCHING INVESTMENT VENTURE III, LLC, <br> MELCHING INVESTMENT VENTURE V, LLC, <br> MELCHING INVESTMENT VENTURE VI, LLC, <br> and TWO PORTLAND PROPERTIES #1, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MARATHON ASHLAND PETROLEUM, LLC, <br> SPEEDWAY SUPERAMERICA, LLC, and <br> MARATHON OIL COMPANY, <br><br> Defendants. | CAUSE NO.: 1:04-CV-477-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiffs' Motion to Reassign Case [ECF No. 333] filed on April 2, 2014. On December 20, 2011, this Court issued an Opinion and Order [ECF No. 246] granting in part and denying in part the Defendants' Motion for Partial Summary Judgment. Contract and waste claims related to the Adrian and Michigan Center properties were among the counts for which the Court granted summary judgment. The remaining claims proceeded to a jury trial and the jury returned a verdict in favor of the Plaintiffs on November 13, 2012 [ECF No. 303]. The Plaintiffs appealed the case on numerous grounds. On March 18, 2014, the Court of Appeals issued a Mandate [ECF No. 331] directing that the judgment awarding damages for waste regarding four Michigan properties be vacated and those damages doubled and reversing the Court's ruling on the Adrian and Michigan Center claims. The Court of Appeals' conclusion

included the following specific language:

> So the judgment awarding damages for waste regarding the four Michigan properties is vacated with directions to the district court to double those damages. The dismissal of the contract claims relating to the canopies is affirmed, but the dismissal of the contract and waste claims relating to the buildings on the properties in Adrian and Michigan Center is reversed and that aspect of the case is remanded for trial.

*Bitler Inv. Venture II, LLC v. Marathon Petroleum Co. LP*, 741 F.3d 832, 838 (7th Cir. 2014).

The reference to the "dismissal of the contract and waste claims" is to this Court's grant of summary judgment on those claims. Following the issuance of the Seventh Circuit's opinion, the Plaintiff filed its Motion to Reassign Case [ECF No. 333]. The Defendants filed a Response opposing the motion on April 10, 2014 [ECF No. 336]. The Plaintiffs filed their Reply on April 17, 2014 [ECF no. 338].

The Plaintiffs argue that the case must be automatically reassigned under 7th Circuit Rule 36, which reads as follows:

> Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case. In appeals which are not subject to this rule by its terms, this court may nevertheless direct in its opinion or order that this rule shall apply on remand.

The Plaintiffs contend that this is an easy decision because the case was tried and then remanded for a "new trial." (Pls.' Mot. to Reassign 2, ECF No. 333.) The Defendants, however, argue that the procedural posture of this case does not fit the terms of the rule because the claims that were remanded have not been tried. Thus, the case was not remanded for a "new trial." In their Reply, the Plaintiffs argue that the Defendants are confusing the word "case" with "claims." The Plaintiffs point out that there is only one case here and that case did in fact go to trial and therefore satisfies the requirements of the rule. The Defendants did cite a case in their Response

2

which the district court granted summary judgment, the Court of Appeals reversed the summary judgment and remanded the case noting that Circuit Rule 36 does not automatically apply because the reversal was only on a summary judgment decision. Def.'s Resp. in Opposition 2 (citing *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 620 (7th Cir. 1993)). The Plaintiffs seek to distinguish that case because no trial was held, whereas in this case the grant was on partial summary judgment and the remaining claims did proceed to trial. The Plaintiffs cite cases showing that district courts have chosen to reassign cases under Circuit Rule 36 even when the case has not been tried or no new trial has been ordered. *See, e.g.*, *Van de Sande v. Van de Sande*, 05 CV 1182, 2008 WL 239150, *3–4 (N.D. Ill. Jan. 29, 2008). It is also clear that in cases where no summary judgment is involved and all the claims went to trial and were then reversed, the case is to be automatically reassigned pursuant to Circuit Rule 36. Neither the Plaintiffs nor the Defendants, however, have cited a case directly on point where partial summary judgment had been granted, the remaining claims proceeded to trial, and the jury verdict as to the tried claims was essentially affirmed, but the grant of partial summary judgment was reversed and remanded for trial.

The Court notes that the wording of Circuit Rule 36 does not clearly address the procedural posture of this case. The Plaintiffs rightly point out that the first requirement of automatic reassignment seems to be met here by the literal meaning of "whenever *a case* tried in a district court is remanded." Circuit Rule 36 (emphasis added). The rule does not say whenever *a claim* is tried. The second part of the sentence, however, states that the rule applies whenever such a case is tried and is "remanded by this court for a *new trial*." *Id.* (emphasis added). The phrase "new trial" implies that there was an old trial and therefore essentially means a "retrial."

3

That comes through when the Seventh Circuit stated that "'[t]he purpose of Rule 36 is to avoid, on retrial after reversal, any bias or mindset the judge may have developed during the first trial.' Reassignment is the default rule when retrial is ordered and is intended to be automatic." *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 658 F.3d 760, 766 (7th Cir. 2011) (quoting *Cange v. Stotler & Co.*, 913 F.2d 1204, 1208 (7th Cir. 1990)) (internal citation omitted); *see also Eolas Techs., Inc. v. Microsoft Corp.*, 457 F.3d 1279, 1283 (Fed. Cir. 2006), *reversed in part on other grounds by Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437 (2007) ("Rather, the Seventh Circuit rule makes reassignment the norm, unless our sister circuit alters the default rule with an express assignment back to the same judge."); *Lidy v. Sullivan*, 745 F.Supp. 1411, 1418 (S.D. Ind. 1989) ("Implicit in this rule is a recognition that in the administration of justice it is sometimes preferable to start over even though the start-up time for the new judge could be significant."). Despite the Seventh Circuit's use of the term "retrial" in its discussion of the rule, it remains unclear whether the terms "new trial" and "retrial" mean a retrial of a claim or a retrial of a case, which could include any number of claims.

Under these circumstances and with no case law directly on point, this Court will consider the purpose behind the Seventh Circuit's rule. That purpose is to avoid any potential bias or mindset the judge may have developed during the first trial. *Lindquist Ford*, 658 F.3d at 766. The existence of actual bias or prejudice from the first trial is not a prerequisite to the application of the rule. Rather, the purpose of the rule is to preemptively prevent the possibility of such bias. Furthermore, the Plaintiffs accurately point out that the issues to be tried are quite similar if not exactly the same to those issues already tried. The parties are the same as well. In *Lidy*, the Southern District of Indiana considered the policy implications of Circuit Rule 36 in

4

support of remanding a Social Security case to a different Administrative Law Judge ("ALJ") to help protect against the risk that the ALJ would be predisposed to rule a certain way. *Lidy*, 745 F.Supp. at 1418. Because the rule is unclear on the issue of automatic reassignment under this specific procedural posture and because the underlying purpose of the rule supports reassigning this case, the Court will, out of an abundance of caution, grant the Plaintiffs' Motion.

Therefore, the Court GRANTS the Plaintiffs' Motion for Reassignment [ECF No. 333] and DIRECTS the clerk to randomly reassign this case.

So ORDERED on April 30, 2014.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT